### In the Matter of Gary Michael SELIG, Respondent.

#### No. 49S00–1305–DI–345.

Supreme Court of Indiana.

Nov. 27, 2013.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** On September 4, 2003, Respondent was convicted of operating a motor vehicle with a blood alcohol level of 0.08 or more, a class C misdemeanor. He did not report this conviction to the Commission.

On March 22, 2013, Respondent was convicted of operating a motor vehicle with a blood alcohol level of between 0.08 and 0.14, a class C misdemeanor.

The parties cite no facts in aggravation. The parties cite the following facts in mitigation: (1) Respondent has no disciplinary history; (2) Respondent was cooperative with the Commission and self-reported his second violation to the Commission; (3) Respondent is remorseful; and (4) Respondent voluntarily engaged himself in alcohol treatment and monitoring through Indiana Judges and Lawyers Assistance Program ("JLAP") and is compliant with JLAP monitoring.

**Violations:** The parties agree that Respondent violated these rules prohibiting the following misconduct:

Ind. Professional Conduct Rule 8.4(b): Committing a criminal act that reflects adversely on the lawyer's trustworthiness or fitness as a lawyer.

Ind. Admission and Discipline Rule 23(11.1)(a)(2): Failure to notify the Commission of a guilty finding, and failure to transmit a certified copy of a guilty finding to the Commission within ten days of the finding.

**Discipline:** The Court, having considered the submission of the parties, now approves the following agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 30 days beginning on the date of this order, all stayed subject to completion of at least six months of probation with JLAP monitoring.** The Court incorpo-

rates by reference the terms and conditions of probation set forth in the parties' Conditional Agreement, which include:

(1) Respondent shall have no violations of the JLAP agreement, the law, or the Rules of Professional Conduct during his probation.

(2) Respondent shall totally refrain from the use of alcohol and all mind-altering substances except as prescribed.

(3) If Respondent violates his probation, the stay of his suspension will be revoked, Respondent will serve the full suspension without automatic reinstatement.

Notwithstanding the expiration of the minimum term of probation set forth above, Respondent's probation shall remain in effect until it is terminated pursuant to a petition to terminate probation filed under Admission and Discipline Rule 23(17.1).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.